J-A10045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROY LEE SNYDER | |
| Appellant | No. 1423 MDA 2014 |

Appeal from the Judgment of Sentence July 18, 2014
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005704-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                     **FILED JUNE 02, 2015**

Roy Lee Snyder ("Appellant") appeals from the judgment of sentence entered in the Berks County Court of Common Pleas following his jury trial conviction for escape.[1]  We affirm.

The trial court summarized the events underlying Appellant's conviction as follows:

On August 21, 2013, [Appellant] was transferred from SCI-Frackville to the [Alcohol Drug Addiction Probation Parole Treatment ([ADAPPT])] Halfway House for purposes of being placed under parole supervision.  Mr. Christopher Bardwell was assigned as [Appellant's] state parole supervisor at the time.  On September 30, 2013, [Appellant] was released to parole and discharged with an unsuccessful completion of the ADAPPT Halfway House program for being disrespectful to staff. [Appellant] was held at Berks County Prison until the Board of Probation and [P]arole made a determination in response to

_____

[1] 18 Pa.C.S. § 5121(a).

[Appellant's] discharge from ADAPPT. On November 8, 2013, the Board of Probation and Parole made the decision to detain [Appellant] in a secure community corrections center and to hold the violation hearing in abeyance pending completion of the parole violator's program at the correction center.

On November 19, 2013, in the afternoon, [Appellant] was transported to Wernersville Community Corrections Center (WCCC) to complete the parole violator's center program in Building 30. On that date, Mr. Brandon Smith, Community Correction Monitor for WCCC, was assigned to patrol Building 30, which is a locked parole violator facility. At approximately 11:00 p.m., Mr. Smith heard a fire alarm sound, indicating that one of the fire exits in Building 30 was opened. As soon as the alarm went off, Mr. Smith notified all staff in the building that the fire alarm had been activated. Mr. Smith then confirmed that no members of the staff tripped the alarm. Mr. Smith immediately went down to inspect the alarm area and reset the fire alarm. An emergency head count was then conducted by Mr. Smith and additional staff to make sure all parole violators were still present inside Building 30. Each parole violator was instructed to return to their assigned bunk for purposes of performing the "head count."

To determine whether or not an individual is in fact missing, Mr. Smith utilized a checklist which spells out every parole violator[']s name and Department of Corrections (DOC) number. Mr. Smith was then able to cross-reference this checklist with the door cards located on each bunkroom door. The door cards exhibit a photo of each violator assigned to the room and indicate the violator's assigned bunk number. Mr. Smith testified that the only individual not accounted for was [Appellant]. Mr. Smith then proceeded to inspect [Appellant's] wall locker next to his assigned bunk. Mr. Smith confirmed that all of [Appellant's] personal items were missing from his assigned bunk. The only materials left inside [Appellant's] wall locker were the issued items given to him by the WCCC at his time of entry. At approximately 11:51 p.m., Trooper Jason Hope of the Pennsylvania State Police was then notified that [Appellant] had pulled the fire alarm and exited the west side of Building 30. At no time had [Appellant] returned to WCCC.

On November 22, 2013, at about 4:20 p.m., Officer David Samsel was dispatched to Redners Warehouse Market on North 5th Street, Muhlenburg Township, Pennsylvania. Officer Samsel

proceeded to question [Appellant] regarding his identity. [Appellant] did not have identification with him at the time, but informed Officer Samsel that his name was Roy Lee Snyder. [Appellant] then told Officer Samsel that he was court committed at [WCCC]. [Appellant] was then recommitted due to his parole violations.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed October 8, 2014 ("1925(a) Opinion"), pp. 2-4.

Following a trial conducted on June 18, 2014, a jury convicted Appellant of escape. On July 22, 2014, the trial court sentenced Appellant to 30 months to 7 years of incarceration. After the trial court denied his post-sentence motion on July 29, 2014, Appellant filed a timely notice of appeal on August 25, 2014. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the evidence is insufficient to sustain a jury verdict of guilty for the crime of [e]scape charged against [Appellant] because a) he was on parole and not committed to a parole violation center as required by 61 Pa.C.S.[] Section 5006 and b) the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] acted recklessly when he left [WCCC]?

2. Whether the trial court abused its discretion in allowing the Commonwealth to introduce evidence concerning the circumstances that led to [Appellant's] expulsion from ADAPPT as that situation was not related to the charge of [e]scape for which he was on trial?

3. Whether the trial court erred in instructing the jury that the definition of "official detention" excludes only "active" supervision of probation or parole?

Appellant's Brief at 5.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas G. Parisi, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. *See* 1925(a) Opinion, pp. 4-20 (finding: (1) Commonwealth proved Appellant's guilt beyond a reasonable doubt where evidence illustrated Appellant was officially detained within WCCC and consciously and willfully removed himself from official detention; (2) trial court did not abuse its discretion in allowing Commonwealth to elicit details of Appellant's expulsion from ADAPPT Halfway House where such details described chronology of events leading to escape and explained Appellant's detention status; and (3) viewing jury instruction as a whole, trial court properly instructed jury on concepts of "official detention"). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015